## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Janice P. Ruffin<br>7710 Klovstad Drive<br>Ft. Washington, D.C. 20744<br><br>Plaintiff,<br><br>v.<br><br>Department of Youth<br>Rehabilitation Services<br>Youth Services Center<br>1000 Mt. Olivet Road, N.E.<br>Washington, D.C. 20002<br><br>Vincent Schiraldi, Director<br>10000 Mt. Olivet Road, N.E.<br>Washington, D.C. 20002<br><br>David Brown, Deputy Director,<br>8300 Riverton Court<br>Laurel, Maryland 20724<br><br>Mark Schindler, Chielf of Staff<br>8300 Riverton Court<br>Laurel, Maryland 20724<br><br>LaVern Evans, Superintendent<br>8300 Riverton Court<br>Laurel, Maryland 20724<br><br>Dexter Dunbar, Deputy Superintendent<br>of Treatment<br>8300 Riverton Court<br>Laurel, Maryland 20724<br><br>D.J. Thomas, Deputy Superintendent<br>of Operations<br>8300 Riverton Court<br>Laurel, Maryland 20724 | Civil Action No.: |

Fitzgerald Fant, Human Resources    )
Manager    )
/EEO Officer    )
8300 Riverton Court    )
Laurel, Maryland  20724    )
    )
Cathy Ohler, Human Resources Specialist)
Representative    )
8300 Riverton Court    )
Laurel, Maryland  20724    )
    )
Pili Robinson, Senior Consultant to the    )
Department of Youth Rehabilitation    )
The Missouri Youth Service Institute    )
1906 Hayselton, Drive    )
Jefferson City, MO 65109    )
            Defendants.    )
_____    )

## NOTICE OF REMOVAL

The Department of Youth Rehabilitation Services, Vincent Schiraldi, David

Brown, Mark Schindler, LaVern Evans, Dexter Dunbar, D.J. Thomas, Fitzgerald Fant,

and Cathy Ohler are defendants in the case Janice Ruffin *v. District of Columbia, et al.,*

Civil Action No. 06-8637, now pending in the Superior Court of the District of

Columbia.  Pursuant to 28 U.S.C. §§1441 and 1446, these defendants  remove the above

action from the Superior Court of the District of Columbia to this Honorable Court

because the claims raised in plaintiff's complaint present federal questions appropriate

for this Court.

Causes of action "founded on a claim or right arising under the Constitution, treaties

or laws of the United States" are removable without regard to the citizenship or residence of

the parties.  See 28 U.S.C. § 1441(b).  Pursuant to 28 U.S.C. § 1446, parties have 30 days

after the receipt of the complaint, through service or otherwise, to file its removal of an

action to the Untied States District Court.  The herein named defendants received a copy

2

of the Summons and Complaint on or about December 11, 2006. Pursuant to 28 U.S.C.

§ 1446(a), copies of all process, pleadings and orders received by undersigned counsel in

this matter are attached hereto and incorporated by reference herein.

Respectfully submitted,

EUGENE A. ADAMS
Interim Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division

/s/ Patricia A. Jones
PATRICIA A. JONES [428132]
Chief, General Litigation, Section IV

/s/ Leticia L. Valdes
LETICIA L. VALDES [0461327]
Assistant Attorney General
441 4th Street, N.W.
Sixth Floor South
Washington, D.C. 20001
(202) 724-7854; (202) 442-9845; (202) 727-6295
Leticia.Valdes@dc.gov; leah.taylor@dc.gov

## CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of December 2006, a copy of the foregoing

Notice of Removal was mailed, postage prepaid to:

**Janice P. Ruffin**
**7710 Klovstad Drive**
**Ft. Washington, D.C. 20744**

**Andrew T. Wise, Esq.**
**Miller & Chevalier Chartered**
**655 15th Street, NW**
**Suite 900**
**Washington, Dc 2005**

Leticia L. Valdes
Assistant Attorney General



SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
CIVIL DIVISION

**FILED**

**November 30, 2006**

**Janice P. Ruffin**
7710 Klovstad Drive
Ft. Washington, Maryland 20744

*Plaintiff*

v.

**Department of Youth
Rehabilitation Services**
Youth Services Center
1000 Mt. Olivet Road, N.E.
Washington, D.C. 20002

**Vincent Schiraldi, Director**
1000 Mt. Olivet Road, N.E.
Washington, D.C. 20002

**David Brown, Deputy Director**
8300 Riverton Court
Laurel, Maryland 20724

**Mark Schindler, Chief of Staff**
8300 Riverton Court
Laurel, Maryland 20724

**LaVern Evans, Superintendent**
8300 Riverton Court
Laurel, Maryland 20724

and

Civil  Action No.: _____





**Dexter Dunbar,** Deputy Superintendent
**of Treatment**
8300 Riverton Court
Laurel, Maryland 20724


**D.J. Thomas,** Deputy Superintendent
**of Operations**
8300 Riverton Court
Laurel, Maryland 20724

**Fitzgerald Fant,** Human Resource Manager/
**EEO Officer**
8300 Riverton Court
Laurel, Maryland 20724


**Cathy Ohler,** Human Resources
**Specialist/Representative**
8300 Riverton Court
Laurel, Maryland 20724


**Pili Robinson,** Senior Consultant to
**the Department of Youth Rehabilitation Services**
The Missouri Youth Service Institute
1906 Hayselton, Drive
Jefferson City, MO 65109

                                    *Defendants*

Janice P. Ruffin v. Department of Youth Rehabilitation Services, et al
November 30, 2006

## COMPLAINT

Plaintiff, Janice P. Ruffin, complains of defendant, Department of Youth Rehabilitation Services, et al as follows:

1.  This court has original jurisdiction over this action pursuant to 28 U.S.C. Section 1331, as this action involves federal violations.

2.  Venue properly rests with this court, pursuant to 28 U.S.C. Section 1391(e), as the Defendant is an agency of the District of Columbia and the Plaintiff is a former employee of the Defendant.

## PARTIES

3.  Pro se litigant, Janice P. Ruffin, (hereinafter "Plaintiff).

4.  The Defendant is the Department of Youth Rehabilitation Services, et al, (hereinafter "DYRS"), an agency of the District of Columbia.

5.  Plaintiff was terminated in mass firing with nine managers, terminating more than 33% of the management workforce at the Oak Hill Youth Center.

## I.    Statement of the Case

This complaint is before the Superior Court of the District of Columbia on the grounds of wrongful termination. The Plaintiff contends that her termination was motivated by discrimination on the basis of the Plaintiff's race, age, sex, disability, and retaliatory based on her participation in the administrative complaint process, identifying discrepancies and mismanagement by Deputy Superintendent Dunbar and Senior Consultant Pili Robinson, in violation of her First Amendment Rights, the 1994 Fair Employment practices, the National Labor Relations Act of 1935, American with Disabilities Act, anti retaliation laws, civil service laws.

Wherefore, the Plaintiff demands judgment against Defendant(s) in the sum of one million dollars, and reinstatement of a career service status position within the agency for which she is qualified.

The Plaintiff contends the termination to be a wrongful termination and that the defendants' actions were adversarial, malicious, and retaliative, resulting in discrimination, actionable retaliation to activity that affected the terms and conditions of the Plaintiff's employment, intentional infliction of emotional stress, negligent infliction of emotional stress, retaliatory

discharge, and defamation of the Plaintiff's character.

The termination decision, as well as the inauspicious actions, of the defendants has caused personal injury to the Plaintiff, causing emotional stress, economic losses, and other punitive damages, and for the reasons expressed below, the Plaintiff concludes that the Department of Youth Rehabilitation Services' charge upon which the termination decision was based is a wrongful termination.

Wrongful discharge actions for violating public policy can be premised on one of three grounds:
    a) Explicit legislative statements prohibiting discharge, discrimination or adverse treatment of employees who act in accordance with the statutory right or duty;

    b) "Legislative expression of policy" - for example, discharging an employee for refusing to violate the law during employment; or,

    c) Retaliatory discharge.

Title VII of the Civil Rights Act of 1964 forbids employment discrimination against "any individual" based on that individual's "race, color, religion, sex, or national origin." Pub. L. 88-352, §704, 78 Stat.257, as amended, 42 U.S.C. §2000e-2(a). A separate action of the Act – its anti-retaliation provision – forbids an employer from "discriminat[ing] against" an employee or job applicant because that individual "opposed any practice" made unlawful by Title VII or "made a charge, testified, assisted, or participated in" a Title VII proceeding of investigation. §2000e-3(a).

In Philip's v Butterball Farms Co, 448 Mich 239 (1995), the Michigan Supreme Court resolved a conflict in the Court of Appeals and held that a claim of retaliatory discharge sounds in tort and not in contract. Consequently, the full tort remedies are available for a retaliatory discharge in violation of public policy.

II.    <u>Background and Director's Decision</u>

A.    <u>The Facts</u>

    The facts, which are set forth in the Director's decision, are briefly summarized here. The Director terminated the Plaintiff on October 19, 2006, at approximately 12:30 p.m., for "no cause" and because the Plaintiff was classified as an at-will employee under the Management Supervisory Service (MSS).

Mark Schindler, Chief of Staff, Dexter Dunbar, Deputy Superintendent of Treatment, and Fitzgerald Fant, Human Resources Manager was present at time of termination.

4

Janice P. Raffin v. Department of Youth Rehabilitation Services, et al
November 30, 2006

In September, 2006, the Plaintiff informed the Superintendent of work-related issues she was experiencing under the supervision of Deputy Director Dunbar and the Consultant, Pili Robinson. The Superintendent immediately called a meeting with all of the female Unit Mangers, to discuss the same work place issues. As a consequence, the Plaintiff was terminated.

October 19, 2006, Plaintiff received written notice of termination, effective November 3, 2006 signed by Vincent Schiraldi and a copy of an acknowledgement of termination letter signed by David Brown and Lavern Evans. Plaintiff was informed that the termination was neither grievable nor appeal able and prohibited from returning to her work site to retrieve her personal property, and asked to turnover all DYRS' keys and property. The Plaintiff responded accordingly. Plaintiff was informed by Mark Schindler that she was job eliminated.

October 19, 2006, the Plaintiff, Linda Packer Cruz and Dr. Monika Wilson-Greene, former employee terminated during the October 19, 2006 mass firing, made a three-way call to Vincent Schiraldi on his cell phone (202-369-7171) requesting an exit interview, requesting an explanation for the terminations and a description of the process he used to determine whom to terminate at-will. The Director responded "I am aware of the terminations, I approved them. I will contact you if Mark Schindler tells me it is necessary to meet with you for an exit interview."

October 19, 2006, Vincent Schiraldi, David Brown, Mark Schindler, LaVern, Evans, Dexter Dunbar, D. J. Thomas, and Fitzgerald Fant, Human Resources Director at DYRS, made a public announcement to the DYRS staff at the OHYC the Plaintiff had been terminated and that the Plaintiff was no longer allowed on the premises, and that the Plaintiff would not be part of the new direction the Director was taken the agency.

October 19, 2006 Plaintiff requested a copy of official personnel file.

October 20, 2006, Vincent Schiraldi, David Brown, Mark Schindler, LaVern, Evans, Dexter Dunbar, D. J. Thomas, and Fitzgerald Fant, Human Resources Director at DYRS, made a public announcement to the DYRS staff in a town hall meeting, that the Plaintiff had been terminated and that the Plaintiff was no longer allowed on the premises, and that the Plaintiff failed to follow the direction the Director was taken the agency.

October 20, 2006, the Plaintiff and several managers terminated in the October 19, 2006 mass firing, contacted the District of Columbia City Council, informing them of the mass firing of October 19, 2006 at OHYC.

October 23, 2006, Councilmember Marion Barry requested an explanation form Director Schiraldi of the rationale for the mass firing on October 19, 2006.

5

Janice P. Ruffin v. Department of Youth Rehabilitation Services, et al
November 30, 2006

October 24, 2006 (on or about), Mark Schindler, Chief of Staff, in response to Councilmember Barry's request, reported via telephone, to E. Faye Williams, Esq., then Chief of Staff for Councilmember Barry, that *the Plaintiffs were either incompetent and rarely came to work.*

October 25, 2006, Mayor Elect and Chairman of the Human Services Committee, Adrian Fenty, requested an investigation of the rationale for the mass firings on October 19, 2006.

October 25, 2006, (on or about), the Plaintiff and several managers terminated in the October 19, 2006 mass firing, contacted Judge Herbert Dixon, overseer of the Jerry M. Consent Decree that the DYRS is governed by in part, informing him of the mass firing that took place placing the DYRS out of compliance with the consent decree.

To date the Plaintiff has not retrieved her personal belongings from OHYC facility.


## History

I was employed by the Department of Human Services in April of 1987 and held the position of Social Work Associate, DS-5 level.

In 1988, I received my Masters Degree of Social Work (MSW) from Howard University in Washington DC. Upon receipt of my graduate degree I was promoted to a DS 11/12 Social Work position.

In 1996, I was promoted to Program Manager.

In 1998, I was again promoted and became a Youth Treatment Unit Manager at the Oak Hill Youth Center (OHYC) DS 12/13

On August 4, 1999, I was injured at OHYC. My injury was loss of use to left ankle. My ankle was fused. As a result of injury, I was diagnosed as having a permanent disability. I have great difficulty standing for long periods of time, walking long distances and being required to do both during my tour of duty.

The Department of Youth Rehabilitative Services (DYRS) has failed to provide reasonable accommodations to me as a result of my disability.

That DYRS has failed to provide reasonable accommodate other staff at OHYC, who are disable and /or have permanent disabilities.

That DYRS has removed disabled employees from long term positions who have permanent disabilities and placed them in position that does not accommodate their disabilities.

Janice P. Ruffin v. Department of Youth Rehabilitation Services, et al
November 30, 2006

That DYRS removed me and other similarly situated disabled employees from their positions and replaced me and other employees with other non disabled individuals.

That I was never given a performance evaluation or discussion held concerning any disciplinary action. On September 12, 2006, I was issued a certificate at a DYRS Summit.

Therefore I herby charge the respondent with an unlawful discriminatory practice, relating to my employment on the basis of my age, sex, physical handicap and the fact that all of the executive management staff that I reported to was males. That the above referenced males condone and maintain a hostile work environment for its female staff. That the above reference management condone and perpetuated a hostile work environment at OHYC, by allowing non-supervisory employees to be promoted/and or assigned or placed in positions that are created for them and getting assignments without competing for the positions.

B.      The Director's Decision

The Director reports that he concurred with the recommendation of Superintendent Evans.

The ADA prohibits discrimination on the basis of disability in employment, State and local government, public accommodations, commercial facilities, transportation, and telecommunications.

The Director reported via termination letter that he terminated the Plaintiff in accordance with §3818 of the District Personnel Manual (DPM); via Chief of Staff as a result of the Plaintiff's incompetence and failure to report to work; and via direct email as a result of numerous reports of the Plaintiff's poor performance and progress at OHYC. The reasons cited by the DYRS for the Plaintiff's termination are ambiguous and violate the D.C. Official Code, numerous employment laws, and several of the DYRS policies. Therefore, it was impossible for the Plaintiff to receive fair and unbiased treatment through the termination process implemented by the Director.

The Director identified performance issues and attendance issues as reasons, in part, for terminating the Plaintiff. The Director failed to provide any documented proof of poor performance of the Plaintiff in her official capacity of Youth Treatment Unit Manager. The Plaintiff requested a new work site prior to returning to work that was in a less violent environment that was based on her disability. The Plaintiff's work schedule was changed to evening hours that affected her health. In addition the Plaintiff has never been absent form work without approved leave since her hire. Therefore, the validity of what is alleged by the DYRS depends on credibility and motivation.

The Director failed to follow the parameters of the performance management program, D.C. Official Code § § 1-609.51 through 1-609.58 (2001), which is the systematic process by which an agency involves its employees, as individuals and members of a group, in improving performance

7

**Janice P. Ruffin v. Department of Youth Rehabilitation Services, et al**
November 30, 2006

in the accomplishment of agency mission and goals (DPM 1402.1). Subsequently, the Director failed to a) Communicate and clarify organizational goals to employees; (b) Identify individual and, where applicable, team responsibilities and accountability for accomplishing organizational goals; (c) Identify and address developmental needs for individuals and, where applicable, teams; (d) Assess and improve individual, team, and organizational performance; (e) Use appropriate measures of performance as the basis for recognizing and rewarding accomplishments; and (f) Use the results of performance appraisal as a basis for appropriate personnel actions (DPM 1402.2a-f).

Further, as an employee of the District of Columbia government, the Plaintiff was never informed of any deficiencies in her work performance in a timely manner, throughout the rating period so that, to the extent possible, she is given an opportunity to overcome such deficiencies and improve her performance (DPM 1402.3a). Each supervisor shall complete a Performance Plan outlining what is expected for each covered employee (DPM 1406.1). The Plaintiff was not given a Performance Plan as dictated in the DPM. Therefore, the reason of poor performance is not valid if the DYRS has failed to identify and discuss with the Plaintiff performance competencies, and how each competency would relate to the Plaintiff's job (DPM 1406.1 through 1409.3).

Based on the facts presented by the Plaintiff, the Plaintiff was in compliance and committed no wrong doings. Further, the inclusion of the stated events as a basis, in part, for the termination of the Plaintiff is not supported by any factual information of any wrong doing. Therefore, the Plaintiff contends that the termination of the Plaintiff was indeed a wrongful termination.

The fact that the Plaintiff does not have a current performance evaluation from the DYRS that reflects any deficiencies in program operations or management functions is evident that the Plaintiff's job performance is not the issue as implied by the DYRS. Therefore, the Plaintiff contends that the Director's decision to terminate her was malicious as well as discriminatory.

The Director has violated the DC Human Rights Act and failed to act appropriately and in adherence to the *DPM* in making his decision to terminate the Plaintiff. Therefore the Plaintiff contends that the Director's termination decision was indeed a wrongful termination.

III.    The Plaintiff's Exceptions

A.    Discrimination

The Plaintiff contends that she was terminated based on her disability, age, sex and retaliation based on a meeting with her immediate supervisors' superior. The anti-retaliation provision is to ensure that employees are "completely free from coercion against reporting' " unlawful practices).

8

Janice P. Ruffin v. Department of Youth Rehabilitation Services, et al
November 30, 2006

When the Plaintiff accepted the offer of employment she considered it an implied covenant of good faith, fair dealing, and an expectation to work. However, the rights and obligations set forth in the DPM, §3818 Management Supervisory Service Part I has unresolved and/or ambiguous and conflicting policy regarding the rights and expectations of MSS employees.

The Director failed to act in good faith and follow procedures that are appropriate under the circumstances. There is such a thing called "investigative fairness," which involves listening to both sides and providing employees a fair opportunity to present their positions and to correct or contradict relevant statements prejudicial to their employment, without the procedural formalities of a trial.

Currently, MSS employees have no appeal or grievance rights.

B.    Retaliatory Discharge

The Plaintiff contends that she was terminated based on her disability. Retaliatory discharge based submission of sick leave statements and meeting with immediate supervisor Dexter Dunbar's superior. The laws prohibiting discrimination in the work place also prohibit retaliatory action being taken against an employee by an employer because the employee has asserted rights or made complaints under those laws.

The Defendant's actions prohibited by the anti-retaliation provision of Title VII adversely affect the Plaintiff's compensation, terms, conditions, and privileges of employment.

Section 704(a) sets forth Title VII's anti-retaliation provision in the following terms:

> "It shall be an unlawful employment practice for an employer *to discriminate against* any of his employees or applicants for employment … because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." §2000e–3(a) (emphasis added).

The anti-retaliation provision seeks to secure that primary objective by preventing an employer from interfering (through retaliation) with an employee's efforts to secure or advance enforcement of the Act's basic guarantees. The substantive provision seeks to prevent injury to individuals based on who they are, *i.e.*, their status. The anti-retaliation provision seeks to prevent harm to individuals based on what they do, *i.e.*, their conduct.

9

Janice P. Ruffin v. Department of Youth Rehabilitation Services, et al
November 30, 2006

Ironically, the Superintendent, who is also named in a sexual harassment complaint against an employee, is the same Superintendent who the Director claims recommended the Plaintiff's termination. The Plaintiff therefore contends that the DYRS, et al violated its own employee rules in meting out the discipline.

Most rights are extended to all of an agency's employees. Making rights an individualized benefit, applicable to one employee but not others is technically infeasible because doing so causes too great a violation of workers', employers', or society's sense of justice.

C. The Director deprived the Plaintiff of liberty without due process when he publicized the Plaintiff's termination. The *Fifth Amendment* prohibits the government for depriving an individual of liberty or property without due process. In the employment situation, discipline or discharge, can in some circumstances, constitute a deprivation of the employee's liberty or property interest. In such case the government must provide due process before firing or disciplining. Government employees' liberty interest in their job was involved if:

> 1. **the way employees are disciplined or dismissed impugns their character as the result of a false characterization; and**
>
> 2. **the stain on employees' character is made public.**

In determining whether government employees have property interest in their job, the courts look at whether there is a written or implied contract granting them a property interest in the job or if a statute gives them a property interest in the job. Because the actions of the DYRS give rise to their depriving the Plaintiff of her right to due process, the DYRS is obligated to adhere to the D.C. Code governing appeal procedures (§ 1-606.03 (a),(b), (c), (d) ).

When liberty or property interests are at stake, the government must give the employee due process before taking away the interest. Due process requires that:

- employees be given notice of the reason for being discharged;

- a hearing be held at which employees are given the opportunity to present evidence in their behalf and to hear the evidence presented against them; and

- a decision to be made by an impartial third-party decision-maker based on the evidence presented at the hearing.

*Janice P. Ruffin v. Department of Youth Rehabilitation Services, et al*
Addendum to Complaint
November 30, 2006

According to the DPM, MSS employees have no appeal or grievance rights. In this case, the Director and a committee consisting of himself, the Deputy Director of DYRS, the Superintendent of OHYC, the Deputy Director of Treatment, the Deputy Director of Operations, the Human Resource Manager/EEO Officer, a Human Resource Specialist, and a consultant have deprived the Plaintiff of her right to due process when they decided that the Plaintiff should be terminated, when they published defamatory statements about the Plaintiff, and when they publicized the Plaintiff's termination throughout the agency.

Since the Director refused to meet with the Plaintiff regarding the decision to terminate her, and act fairly with respect to the termination process, the Plaintiff can only assume that the actions of DYRS are malicious and retaliatory. The Director, failed to afford the Plaintiff her due process.

IV.    Conclusions

Therefore, the Plaintiff respectfully request that the Court correct this matter of wrongful termination and make the Plaintiff whole. The Plaintiff requests that she is awarded compensatory and punitive damages in the combined total of one million dollars for the defendant(s) misconduct and violations of public policy, and reinstatement of a career service status position within the agency for which she is qualified.

As a pro se litigant the Plaintiffs need not be "exact." Haines v. Kerner 404 U.S. 519 (1972). However, the Plaintiff has been quite specific in alleging that the Defendant wrongfully terminated her and utilized discriminatory acts, public defamation of character, and intimidation, to encourage public support for regulations under the color of which the Defendant has deprived the Plaintiff of rights and privileges guaranteed under the Constitution of the United States.

Respectfully Submitted.

*[signature]*

7710 Klovstad Drive
Ft Washington Md 20744
(202) 257-1717
E-mail - Ruffin 23 @ msn.com

# Superior Court of the District of Columbia

## CIVIL DIVISION

Janice P. Ruffin

_____

Plaintiff(s)

vs.

District of Columbia / Department
Youth Rehabilitative Services

_____

Defendant(s)

FILED
CIVIL ACTIONS BRANCH
DEC 0 1 2006
SUPERIOR COURT
OF THE DISTRICT OF COLUMBIA
WASHINGTON, DC

Case No. _____

## MOTION TO PROCEED IN FORMA PAUPERIS

Comes now the _____Janice Ruffin_____ and respectfully request this honorable court to allow them to proceed without prepayment of costs for the following reason(s):

Plaintiff is unemployed due to unlawful termination by Dept of Youth
Rehabilitative Services. Plaintiff is also seeking differences at this
time.

_____

| | |
|---|---|
| Printed name: Janice P. Ruffin | Signature: J. Ruffin |
| Address: 7710 Klovstad Dr Ft Wash Md 20744 | Home phone no. (301) 248 6319 |
| | Business phone no. (202) 257 1717 |

## CERTIFICATE OF SERVICE

I certify that a copy of the above was mailed, postage prepaid, on _____, 20 _____,

To:

| | |
|---|---|
| Name: | Name: |
| Address: | Address: |
| | Signature |

## POINTS AND AUTHORITIES

(Write the reasons why the Court should grant your motion and include Court rules, laws and cases, if any, that support your reasons.)

_____

Case: 2006 CA 008637 B
0002690288
Dkt: C70A7FP

# Superior Court of the District of Columbia
## CIVIL DIVISION

Janice P. Ruffin ,
                                    *Plaintiff*

vs.                                      Civil Action No. _____

District of Columbia and/or the services
Department Youth Re *Defendant*


## AFFIDAVIT IN SUPPORT OF MOTION TO PROCEED IN FORMA PAUPERIS

I further swear that the responses which I have made to questions and instructions below relating to my ability to pay the cost of proceeding in this action are true.

1.  Are you presently employed?   Yes_____  No___✓___
    a.  If the answer is yes, state the amount of your salary or wages per month, and give the name and address of your employer.

    _____

    _____

    b.  If the answer is no, state the date of last employment and the amount of the salary and wages per month which you received

    _____October 19, 2006_____$3400_____

    _____

2.  Have you received within the past twelve months any money from any of the following sources?
    a.  Business, profession or form of self-employment?   Yes_____  No___✓___
    b.  Rent payments, interest or dividends?   Yes_____  No___✓___
    c.  Pensions, annuities or life insurance payments?   Yes_____  No___✓___
    d.  Gifts or inheritance?   Yes_____  No___✓___
    e.  Any other sources?   Yes_____  No___✓___

If the answer to any of the above is yes, describe each source of money and state the amount received form each during the past twelve months.

    _____

    _____

    _____

    _____

3. Do you own any cash, or do you have money in checking or savings account? Yes __✓__
No_____ (Include any funds in prision accounts).  If the answer is yes, state the total value
of the items owned.

_____ $ 170.⁰⁰ _____

_____

_____

4. Do you own any real estate, stocks, bonds, notes, automobiles, or other valuable property
(excluding ordinary household furnishings and clothing)?  Yes __✓__  No_____
If the answer is yes describe the property and state its approximate value.

_Home that I reside ; automobile that I use only_

_____

_____

5. List the persons who are dependent upon you for support, state your relationship to those
persons, and indicate how much you contribute toward their support.

_Self + one grandchild_____

_____

_____

    I have read and subscribed to the above and swear, under oath, that the information is true
and correct.   I understand that a false statement or answer to any question in this affidavit
will subject me to penalties for perjury.

_____
                                    *(Plaintiff's signature)*

_____, being first duly sworn under oath, presents that he
has read and subscribed to the above and states that the information herein is true and correct.

_____
                                    *(Plaintiff's signature)*

SUBSCRIBED AND SWORN TO before me this
___30ᵗʰ___ day of __November_____, 20 _06_ .

_____
                *Notary Public or other person*
                *Authorized to administer an oath*

# Superior Court of the District of Columbia

## CIVIL DIVISION

JANICE P. RUFFIN
7710 KLOVSTAD DR. FT WASH MD 20744
**Plaintiff(s)**

vs.

District of Columbia / Department of
Youth Rehabilitative Services
**Defendant(s)**

Civil Action No. _____

**FILED**
CIVIL ACTIONS BRANCH
DEC 0 1 2006
SUPERIOR COURT
OF THE DISTRICT OF COLUMBIA
WASHINGTON, DC

Upon consideration of _Janice Ruffin_ **ORDER** _____ motion to proceed *in forma pauperis*, it is this _1_

day of _November 30_ _____, 20 _06_,

ORDERED that said motion is

☑  Granted, and the prepayment of court costs is hereby waived.

☐  Denied without prejudice, on the grounds that

It is further ORDERED that

Copies to:

_Bruce D. Beaudin_
**JUDGE**

CV-636/Nov. 02



Case: 2006_CA_008637_B
00026888383
Rkt: CIVORMIFP

## CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

| **I (a) PLAINTIFFS** | **DEFENDANTS** |
|---|---|
| Janice P. Ruffin<br>7710 Klovstad Drive<br>Ft. Washington, D.C. 20744 | Department of Youth Rehabilitation Services, Vincent Schiraldi, David Brown, Mark Schindler, LaVern Evans, Dexter Dunbar, D.J. Thomas, and Cathy Ohler |

| (b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____<br>(EXCEPT IN U.S. PLAINTIFF CASES) | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____<br>**(IN U.S. PLAINTIFF CASES ONLY)** _____<br>NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED |
|---|---|
| (c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER) | ATTORNEYS (IF KNOWN)<br>LETICIA L. VALDES [046132?]<br>LEAH BROWNLEE TAYLOR [433298]<br>Assistant Attorney General<br>441 4th Street, N.W.<br>Sixth Floor South<br>Washington, D.C. 20001<br>(202) 442-9845; (202) 727-6295 |

---

### II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ○ 1 U.S. Government Plaintiff
- ⊙ 3 Federal Question (U.S. Government Not a Party)
- ○ 2 U.S. Government Defendant
- ○ 4 Diversity (Indicate Citizenship of Parties in item III)

### III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

---

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

**○ A. Antitrust**
- ☐ 410 Antitrust

**○ B. Personal Injury/ Malpractice**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Medical Malpractice
- ☐ 365 Product Liability
- ☐ 368 Asbestos Product Liability

**○ C. Administrative Agency Review**
- ☐ 151 Medicare Act

Social Security:
- ☐ 861 HIA ((1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g)
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g)

Other Statutes
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

**○ D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

---

**○ E. General Civil (Other)**     OR     **○ F. Pro Se General Civil**

Real Property
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent, Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

Personal Property
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

Bankruptcy
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

Prisoner Petitions
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

Property Rights
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

Federal Tax Suits
- ☐ 870 Taxes (US plaintiff or defendant
- ☐ 871 IRS-Third Party 26 USC 7609

Forfeiture/Penalty
- ☐ 610 Agriculture
- ☐ 620 Other Food &Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 RR & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

Other Statutes
- ☐ 400 State Reapportionment
- ☐ 430 Banks & Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation

- ☐ 470 Racketeer Influenced & Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Satellite TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 900 Appeal of fee determination under equal access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| **G. Habeas Corpus/ 2255** | **H. Employment Discrimination** | **I. FOIA/PRIVACY ACT** | **J. Student Loan** |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☒ 442 Civil Rights-Employment<br>(criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions<br>(if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans<br>(excluding veterans) |

| **K. Labor/ERISA (non-employment)** | **L. Other Civil Rights (non-employment)** | **M. Contract** | **N. Three-Judge Court** |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting<br>(if Voting Rights Act) |

**V. ORIGIN**

○ 1 Original Proceeding  ● 2 Removed from State Court  ○ 3 Remanded from Appellate Court  ○ 4 Reinstated or Reopened  ○ 5 Transferred from another district (specify)  ○ 6 Multi district Litigation  ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

28 U.S.C. §§1441 and 1446.

| **VII. REQUESTED IN COMPLAINT** | CHECK IF THIS IS A CLASS ☐ ACTION UNDER F.R.C.P. 23 | DEMAND $ _____ JURY DEMAND: | Check YES only if demanded in complaint<br>YES ☐    NO ☐ |
|---|---|---|---|

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   YES ☐   NO ☒   If yes, please complete related case form.

DATE  12/29/06     SIGNATURE OF ATTORNEY OF RECORD  ~~[signature]~~

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.  CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.  CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.  CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.