# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____
                                    )
**Janice P. Ruffin,**               )     **Civil Action No.: 06-2261**
**7710 Klovastad Drive**            )
**Ft. Washington, MD 20744**        )
      **Plaintiff,**  )
                                    )
      **v.**         )
                                    )
**Department of Youth Rehabilitation**  )
**Services,** *et al.*              )
                                    )
      **Defendants.**  )
_____ )

## DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT

     Defendants, Department of Youth Rehabilitation Services, Vincent Schiraldi, David Brown, Mark Schindler, LaVern Evans, Dexter Dunbar, D.J. Thomas, Fitgerald Fant and Cathy Ohler.(hereinafter "defendants"), by and through undersigned counsel, and pursuant to Federal Rule of Civil Procedure 12(b)(2) and/or 12(b)(6), hereby move this Honorable Court to dismiss the plaintiff's Complaint.  As grounds therefor, the defendants state that**:**

    1)    This Court lacks person jurisdiction over these defendants because plaintiff has not effected service against them;

    2)    Plaintiff's Complaint does not meet the requirements of Fed. P. Civ. R. 10;

    2)    Defendant Department of Youth Rehabilitation Services is *non sui juris*;

    3)    The individually named defendants cannot be held liable under Title VII;

    4)    Plaintiff has failed to exhaust her administrative remedies; and

    5)    Plaintiff cannot sustain a due process claim under the 5th amendment because she has no property interest or expectation of continued employment.

Accordingly, dismissal is appropriate against these defendants.  A Memorandum of Points and

Authorities in support of this Motion, along with a proposed Order, is attached hereto.

Respectfully submitted,

LINDA SINGER
Acting Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division

_____/s/_____
PATRICIA A. JONES [428132]
Chief, General Litigation, Section IV

_____/s/_____
LETICIA L. VALDES [0461327]
LEAH BROWNLEE TAYLOR [488966]
Assistant Attorney General
441 4th Street, N.W.
Sixth Floor South
Washington, D.C. 20001
 (202) 442-9845; (202) 724-7854; (202) 727-6295
Leticia.valdes@dc.gov; Leah.taylor@dc.gov;

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that a copy of the foregoing Defendants' Motion to Dismiss Plaintiff's

Complaint, Memorandum of Points and Authorities in Support thereto, and proposed Order was

mailed, first class, postage prepaid, this 19th day of January 2007, to:

Ms. Janice P. Ruffin
7710 Klovastad Drive
Ft. Washington, MD 20744

_____/s/ Leticia L. Valdes_____
LETICIA L. VALDES
Assistant Attorney General

2

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____
                                                    )
**Janice P. Ruffin,**                         )      **Civil Action No.: 06-2261**
**7710 Klovastad Drive**               )
**Ft. Washington, MD 20744**      )
          **Plaintiff,**              )
                                                    )
          **v.**                            )
                                                    )
**Department of Youth Rehabilitation**   )
**Services,** *et al.*                         )
                                                    )
      **Defendants.**               )
_____ )

<u>**MEMORANDUM OF POINTS AND AUTHORITIES SUPPORTING**</u>
<u>**DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT**</u>

In support of their motion to dismiss plaintiff's Complaint, defendants state as follows:

*BACKGROUND*

On or about November 30, 2006, plaintiff filed a complaint against the defendants claiming that her civil rights were violated when she was terminated as Supervisory Correctional Officer from the Department of Youth Rehabilitation Services (hereinafter "DYRS") on or about October 19, 2006. See Complaint, at pg. 3. The Complaint is not set forth in numbered paragraphs. See Complaint, generally. Plaintiff specifically alleges that she was terminated on the basis of age, sex, race and disability and was also subject to retaliatory discharge because of her participation in an administrative complaint process, and because she identified discrepancies and mismanagement at DYRS. Id. Plaintiff also alleges that she was defamed when DYRS officials made statements concerning her termination. See Complaint, at pg. 14. Lastly, plaintiff alleges a 5th amendment due process violation claim because of her termination. See Amended Complaint, generally.

As set forth below, these defendants are entitled to dismissal of plaintiff's Complaint for the following reasons:  (1) plaintiff has not served these defendants with her summons and complaint; (2) plaintiff's Complaint does not meet the requirements of Fed. P. Civ. R. 10; (3) plaintiff may not maintain her lawsuit against defendant Department of Youth  Rehabilitation Services because the agency is *non sui juris;* (4) the individually named defendants cannot be held liable for civil rights violations under Title VII, (5) plaintiff has failed to state a claim for a 5th amendment due process violation; and (6) plaintiff has failed to exhaust her administrative remedies.

### *ARGUMENT*

**A.    <u>Standard for Motion to Dismiss</u>.**

    1.    Dismissal Pursuant to Fed. P. Civ. R. 12(b)(2).

Fed. P. Civ. R. 12 provides that the following defense may be made at the option of the pleader by motion:  (2) lack of jurisdiction over the person.  Therefore, dismissal is appropriate if the evidence shows that the Court lacks jurisdiction over the person.  Before a court may exercise personal jurisdiction over a defendant, the procedural requirement of proper service of summons must be satisfied to assure notice to the defendant. *See Omni Capital Int'l v. Rudolph Wolff & Co.*, 484 U.S. 97, 104, 108 S. Ct. 404, 98 L. Ed. 2d 415 (1987).  *See also*, *Nikbin v. Islamic Republic of Iran,* 2007 U.S. Dist. LEXIS 1903 (D.D.C. Jan. 11, 2007)

    2.    Dismissal Pursuant to Fed. P. Civ. R. 12(b)(6).

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) should be granted when it appears that, under any reasonable reading of the complaint, plaintiff will be unable to prove any set of facts that would justify relief.  *Conley v. Gibson*, 355 U.S. 41, 45 (1957).  The moving

party is entitled to judgment if there are no allegations in the complaint that could provide a basis

for recovery. *Haynesworth v. Miller*, 820 F.2d 1245, 1254 (1987).

Although the non-moving party enjoys the benefit of all inferences that reasonably can be

drawn from the allegations alleged in the complaint, bare conclusions of law—or sweeping and

unwarranted averments of fact—will not be deemed admitted for purposes of a motion under

Rule 12(b)(6). *Id.*   The court need not accept inferences drawn by plaintiff if such inferences are

unsupported by the facts set out in the complaint, "[n]or must the court accept legal conclusions

cast in the form of factual allegations." *Kowal v. MCI Communications* Corp., 305 U.S. App.

D.C. 60, 16 F.3d 1271, 276 (1994).

**B.    Plaintiff Has Failed to Effectuate Proper Service**

On or about December 29, 2006, the defendants removed this case from the Superior

Court of the District of Columbia pursuant to 42 U.S.C. §§ 1441, and 1446.  See Docket Entry

#1.  Section 1446(b) provides that "the notice of removal…shall be filed within thirty days after

the receipt by the defendant, through service or otherwise, of a copy of the initial pleading…."

These defendants received notice of the Complaint but were not served.  Pursuant to the express

language of Fed. P. Civ. R. 4(e)(2), a plaintiff bringing suit against an individual within the

United States must personally serve the individual or their agent with a copy of the summons,

complaint and initial order.  The language of Fed. P. Civ. R. 4(e)(2) setting forth the elements of

proper service on an individual within the United States is unambiguous in its mandate.

According to the statute, service may be effected on an individual within the United States by

"delivering a copy of the summon, complaint and initial order to the individual personally or by

leaving copies thereof at the individual's dwelling house or usual place of abode with some

person of suitable age and discretion then residing therein or by delivering a copy of the

summon, complaint and initial order to an agent authorized by appointment or by law to receive service of process." The statute sets forth precisely what steps must be taken to properly serve an individual defendant within the United States. Without completion of those steps, including proper delivery of the summons to the individual or their authorized agent, process has not been served.

It is clear that plaintiff has not met the mandatory service provisions set forth in Fed. R. Civ. P. 4(e)(2). The defendants were not served, nor was an authorized agent of the defendants served. See attached affidavits.[1] It is well settled that service upon anyone other than an authorized designee does not constitute valid service. *See Eldridge v. District of Columbia*, 866 A.2d 786 (D.C. 2004). Plaintiff's failure to serve the named defendants in this litigation requires dismissal of his court action against these defendants.

### C.    Plaintiff's Complaint Fails to Comport With Fed. P. Civ. R. 10, and Dismissal Is Appropriate.

Fed. P. Civ. R. 10(b) provides that:

"[a]ll averments of claim…**shall** be made in numbered paragraphs, the contents of each of which shall be limited as far as practicable to a statement of a single set of circumstances…." "Each claim founded upon a separate transction or occurrence … **shall** be stated in a separate count…whenver a separation facilities the clear presentation of the matters set forth." (Emphasis added.)

---

[1] *See Bernay v. Sales,* 435 A.2d 398 (1981), in which the Court held that "the material filed by appellant in support of her motion to dismiss does not constitute the extra-pleading matter necessary to convert a Rule 12(b) 6) motion into a motion for summary judgment. First, although affidavits generally constitute "matters outside the pleading," *see Richardson v. Rivers*, 118 U.S.App.D.C. 333, 335, 335 F.2d 996, 998 (1964); *Sardo v. McGrath* , 90 U.S.App.D.C. 195, 197-98, 196 F.2d 20, 22-23 (1952), the affidavits accompanying appellant's motion to dismiss related to her claim of insufficient service of process, *see* Super. Ct. Civ. R. 12(b)(5), not to her substantive defense under Rule 12(b)(6). They, therefore, failed to transform her Rule 12(b)(6) motion into a motion for summary judgment. *See Nix v. Fulton Lodge No. 2, Int'l Ass'n of Machinists*, 452 F.2d 794, 798, n. 3 (5th Cir. 1971), *cert. denied*, 406 U.S. 946, 92 S. Ct. 2044 (1972)"

As set forth above, the language contained in Rule 10 is mandatory. Plaintiff filed a 11-page Complaint. While the initial averments are set forth in numbered paragraphs, the bulk of the Complaint is not and does not satisfy the requirements of Rule 10. See Complaint, pages 3-11. Therefore, dismissal of the Complaint is warranted because plaintiff failed to comply with Rule 10.

**D.    Defendant Department of Youth Rehabilitation Services is Non *Sui Juris* and Dismissal of Plaintiff's Complaint Against This Defendant is Appropriate.**

Plaintiff has named the Department of Youth Rehabilitation Services (hereinafter "DYRS") as a defendant in the instant lawsuit. In this jurisdiction, it has been held generally that bodies within the District of Columbia government are simply not suable as separate entities absent statutory provisions for it to sue and be sued. *See, e.g., Roberson v. District of Columbia Board of Higher Education*, 359 A.2d 28, 31 n. 4 (D.C. 1976), (holding Board of Higher Education not a suable entity (dictum); *Miller v. Spencer*, 330 A.2d 250, 251 n. 1 (D.C. 1974), (holding Department of Sanitation not suable); *Ray v District of Columbia*, 535 A.2d 868, 869 n. 2 (D.C. 1987), (holding Fire Department, the Board of Police and Fire Surgeons, and the Police and Fire Clinic are not *sui juris* entities). District of Columbia Official Code § 2.1515.02 established the Department of Youth Rehabilitation Services as a separate Cabinet-level agency, subordinate to the Mayor, and within the executive branch of the government of the District of Columbia. The agency was not vested with the power to sue or be sued. Because DYRS is not suable as a separate entity, plaintiff's lawsuit as against DYRS must be dismissed.

**E.    Individually Named Defendants Cannot Be Held Liable Under Title VII.**

Plaintiff has filed discrimination and retaliation claims under Title VII of the Civil Rights Act of 1964 against the individually named defendants. See Complaint, generally. These

5

defendants are entitled to judgment as a matter of law because individual liability is not provided for and/or contemplated by Title VII. *See Gary v. Long,* 59 F.3d 1391 (D.C. Cir. 1995) (holding that while a supervisory employee may be joined as a party defendant in a Title VII action, that employee must be viewed as being sued in his capacity as the agent of the employer, who is alone liable for a violation of Title VII). *See also, Busby v. City of Orlando*, 931 F.2d 764, 772 (11th Cir. 1991) (holding that relief granted under Title VII is against the employer, not individual employees whose actions constituted a violation of Title VII). Accordingly, plaintiff's Title VII claims against these defendants must be dismissed.

F.    **Plaintiff Has No 5th Amendment Due Process Claim As An At-Will Employee.**

Plaintiff claims that she was deprived of her property interest under the 5th amendment when she was terminated in her managerial position without due process. To sustain a 5th amendment due process claim, the plaintiff must establish that she has a legitimate expectation of continued employment. *Hall v. Ford*, 272 U.S. App. D.C. 301, 856 F.2d 255, 265 (D. C. Cir. 1988). As plaintiff correctly notes, she was classified as an at-will, managerial employee, with no appeal or grievance rights. See complaint, at pg. 4. Therefore, plaintiff cannot establish that she had a "property interest" or expectation of continued employment as an at-will employee. Accordingly, plaintiff's 5th Amendment Due Process Claim fails as a matter of law..

G.    **Plaintiff Has Failed to Exhaust Her Administrative Remedies**

Plaintiff avers that she was terminated on or about October 19, 2006. It is well settled that plaintiffs are required to exhaust their administrative remedies as a condition precedent to filing a Title VII lawsuit because it "provides the charged party with notice of the claim and helps narrow the issues for prompt adjudication and decision" and resolution of disputes. *See*

*Mack v. Strauss*, 134 F.Supp 2d 103, 109 (D.D.C. 2001).  Plaintiff also alleges disability discrimination.

A Title VII plaintiff must file a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) within 180 days after the alleged discriminatory act.  *See* 42 U.S.C. 2000e-5(e)(1).  Plaintiffs filing suit under Title I of the American with Disabilities Act must also exhaust their administrative remedies since the ADA adopts procedures under Title VII. *Peterson v. University of Wis. Bd. Of Regents*, 818 F.Supp. 1276 (W.D. Wis. 1993). Plaintiff has not alleged or established that she filed a charge with the EEOC or the Office of Human Rights, or received a right to sue letter.  Plaintiff's failure to exhaust her administrative remedies bars this federal court complaint.

WHEREFORE, the defendants respectfully request this Court to dismiss plaintiff's Complaint.

Respectfully submitted,

LINDA SINGER
Acting Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division

_____/s/_____
PATRICIA A. JONES [428132]
Chief, General Litigation, Section IV

_____/s/ _____
LETICIA L. VALDES [0461327]
LEAH BROWNLEE TAYLOR [488966]
Assistant Attorney General
441 4th Street, N.W.
Sixth Floor South
Washington, D.C. 20001
 (202) 442-9845; (202) 724-7854; (202) 727-6295
Leticia.valdes@dc.gov; Leah.taylor@dc.gov;

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____
                                        )
**Janice P. Ruffin,**                   )    **Civil Action No.: 06-2261**
**7710 Klovastad Drive**                )
**Ft. Washington, MD 20744**            )
       **Plaintiff,**      )
                                        )
       **v.**             )
                                        )
**Department of Youth Rehabilitation**  )
**Services,** *et al.*                   )
                                        )
       **Defendants.**     )
_____ )

## ORDER

Upon consideration of the defendants' Motion to Dismiss, plaintiff's response thereto, if any, and the record herein, it is by the Court this _____ day of _____, 2007,

ORDERED:    that the Motion is GRANTED for the reasons set forth in the defendants' motion; and it is

FURTHER ORDERED:   that plaintiff's Complaint be DISMISSED against all named defendants.

_____
JUDGE, United States District Court for the District of Columbia

cc:   Leah Brownlee Taylor
      Leticia Valdes
      Assistant Attorney General
      441-4th Street NW,  6th Floor South
      Washington, DC  20001

      Ms. Janice P. Ruffin
      7710 Klovastad Drive
      Ft. Washington, MD 20744

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Janice P. Ruffin                                    )
7710 Klovstad Drive                                 )
Ft. Washington, D.C. 20744                          )
                                                    )
          Plaintiff,                                )
                                                    )
          v.                                        )
                                                    )
Department of Youth                                 )
Rehabilitation Services                             )
Youth Services Center                               )
1000 Mt. Olivet Road, N.E.                          )
Washington, D.C. 20002                              )
                                                    )
Vincent Schiraldi, Director                         )     Civil Action No.: 06-2261
10000 Mt. Olivet Road, N.E.                         )
Washington, D.C. 20002                              )
                                                    )
David Brown, Deputy Director,                       )
8300 Riverton Court                                 )
Laurel, Maryland  20724                             )
                                                    )
Mark Schindler, Chief of Staff                      )
8300 Riverton Court                                 )
Laurel, Maryland  20724                             )
                                                    )
LaVern Evans, Superintendent                        )
8300 Riverton Court                                 )
Laurel, Maryland  20724                             )
                                                    )
Dexter Dunbar, Deputy Superintendent                )
of Treatment                                        )
8300 Riverton Court                                 )
Laurel, Maryland  20724                             )
                                                    )
D.J. Thomas, Deputy Superintendent                  )
of Operations                                       )
8300 Riverton Court                                 )
Laurel, Maryland  20724                             )

Fitzgerald Fant, Human Resources )
Manager )
/EEO Officer )
8300 Riverton Court )
Laurel, Maryland  20724 )
 )
Cathy Ohler, Human Resources Specialist)
Representative )
8300 Riverton Court )
Laurel, Maryland  20724 )
 )
Pili Robinson, Senior Consultant to the )
Department of Youth Rehabilitation )
The Missouri Youth Service Institute )
1906 Hayselton, Drive )
Jefferson City, MO 65109 )
     Defendants. )
_____ )

## AFFIDAVIT OF VINCENT SCHIRALDI

   I, Vincent Schiraldi, hereby swear and affirm the following:

   1.  That I am an adult over eighteen years of age, and am competent to provide the information herein.

   2.  I am a defendant in the matter of *Janice Ruffin v. Department of Youth Rehabilitation Services, et al.*, Civil Action No.: 06-2261.

   3.  I have not been personally served with a copy of the summons and complaint by the plaintiff, and I did not authorize anyone to accept service of process on my behalf in the above captioned matter.

           _____
           Vincent Schiraldi

SWORN AND SUBSCRIBED before a Notary Public, this _18_ day of January, 2007.

_____
Notary Public, D.C.    My Commission Expires: _____
               Dennis Lewis
             Commission Expires, April 14, 2008
             _____

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Janice P. Ruffin<br>7710 Klovstad Drive<br>Ft. Washington, MD 20744<br><br>   Plaintiff,<br><br>   v.<br><br>Department of Youth<br>Rehabilitation Services<br>Youth Services Center<br>1000 Mt. Olivet Road, N.E.<br>Washington, D.C. 20002<br><br>Vincent Schiraldi, Director<br>10000 Mt. Olivet Road, N.E.<br>Washington, D.C. 20002<br><br>David Brown, Deputy Director,<br>8300 Riverton Court<br>Laurel, Maryland  20724<br><br>Mark Schindler, Chief of Staff<br>8300 Riverton Court<br>Laurel, Maryland  20724<br><br>LaVern Evans, Superintendent<br>8300 Riverton Court<br>Laurel, Maryland  20724<br><br>Dexter Dunbar, Deputy Superintendent<br>of Treatment<br>8300 Riverton Court<br>Laurel, Maryland  20724<br><br>D.J. Thomas, Deputy Superintendent<br>of Operations<br>8300 Riverton Court<br>Laurel, Maryland  20724 | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  **Civil Action No.: 06-2261**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Fitzgerald Fant, Human Resources )
Manager )
/EEO Officer )
8300 Riverton Court )
Laurel, Maryland  20724 )
 )
Cathy Ohler, Human Resources Specialist)
Representative )
8300 Riverton Court )
Laurel, Maryland  20724 )
 )
Pili Robinson, Senior Consultant to the )
Department of Youth Rehabilitation )
The Missouri Youth Service Institute )
1906 Hayselton, Drive )
Jefferson City, MO 65109 )
       Defendants. )
———————————————— )

## AFFIDAVIT OF DAVID E. BROWN

I, David E. Brown, hereby swear and affirm the following:

1.    That I am an adult over eighteen years of age, and am competent to provide the information herein.

2.    I am a defendant in the matter of *Janice Ruffin v. Department of Youth Rehabilitation Services, et al.*, Civil Action No.: 06-2261.

3.    I have not been personally served with a copy of the summons and complaint by the plaintiff, and I did not authorize anyone to accept service of process on my behalf in the above captioned matter.

                  _____
                  David E. Brown

SWORN AND SUBSCRIBED before a Notary Public, this 18th day of January, 2007.

_____
Notary Public, D.C.    My Commission Expires: Aug 18, 2008

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

Janice P. Ruffin )
7710 Klovstad Drive )
Ft. Washington, MD 20744 )
)
Plaintiff, )
)
v. )
)
Department of Youth )
Rehabilitation Services )
Youth Services Center )
1000 Mt. Olivet Road, N.E. )
Washington, D.C. 20002 )
)
Vincent Schiraldi, Director )       Civil Action No.: 06-2261
10000 Mt. Olivet Road, N.E. )
Washington, D.C. 20002 )
)
David Brown, Deputy Director, )
8300 Riverton Court )
Laurel, Maryland 20724 )
)
Mark Schindler, Chief of Staff )
8300 Riverton Court )
Laurel, Maryland 20724 )
)
LaVern Evans, Superintendent )
8300 Riverton Court )
Laurel, Maryland 20724 )
)
Dexter Dunbar, Deputy Superintendent )
of Treatment )
8300 Riverton Court )
Laurel, Maryland 20724 )
)
D.J. Thomas, Deputy Superintendent )
of Operations )
8300 Riverton Court )
Laurel, Maryland 20724 )

**Fitzgerald Fant, Human Resources** )
**Manager** )
**/EEO Officer** )
**8300 Riverton Court** )
**Laurel, Maryland  20724** )
  )
**Cathy Ohler, Human Resources Specialist**)
**Representative** )
**8300 Riverton Court** )
**Laurel, Maryland  20724** )
  )
**Pili Robinson, Senior Consultant to the** )
**Department of Youth Rehabilitation** )
**The Missouri Youth Service Institute** )
**1906 Hayselton, Drive** )
**Jefferson City, MO 65109** )
              **Defendants.** )
_____ )

## AFFIDAVIT OF MARC SCHINDLER

I, Marc Schindler, hereby swear and affirm the following:

1.    That I am an adult over eighteen years of age, and am competent to provide the information herein.

2.    I am a defendant in the matter of *Janice Ruffin v. Department of Youth Rehabilitation Services, et al.*, Civil Action No.: 06-2261.

3.    I have not been personally served with a copy of the summons and complaint by the plaintiff, and I did not authorize anyone to accept service of process on my behalf in the above captioned matter.

                                                _____
                                                Marc Schindler

SWORN AND SUBSCRIBED before a Notary Public, this _18_ day of January, 2007.

_____
Notary Public, D.C.

                    My Commission Expires: _____
                                          Dennis Lewis
                                          Commission Expires, April 14, 2008

2

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| Janice P. Ruffin )<br>7710 Klovstad Drive )<br>Ft. Washington, MD 20744 )<br>)<br>    Plaintiff, )<br>)<br>    v. )<br>)<br>Department of Youth )<br>Rehabilitation Services )<br>Youth Services Center )<br>1000 Mt. Olivet Road, N.E. )<br>Washington, D.C. 20002 )<br>)<br>Vincent Schiraldi, Director )<br>10000 Mt. Olivet Road, N.E. )<br>Washington, D.C. 20002 )<br>)<br>David Brown, Deputy Director, )<br>8300 Riverton Court )<br>Laurel, Maryland 20724 )<br>)<br>Mark Schindler, Chief of Staff )<br>8300 Riverton Court )<br>Laurel, Maryland 20724 )<br>)<br>LaVern Evans, Superintendent )<br>8300 Riverton Court )<br>Laurel, Maryland 20724 )<br>)<br>Dexter Dunbar, Deputy Superintendent )<br>of Treatment )<br>8300 Riverton Court )<br>Laurel, Maryland 20724 )<br>)<br>D.J. Thomas, Deputy Superintendent )<br>of Operations )<br>8300 Riverton Court )<br>Laurel, Maryland 20724 ) | Civil Action No.: 06-2261 |

**Fitzgerald Fant, Human Resources** )
**Manager** )
**/EEO Officer** )
**8300 Riverton Court** )
**Laurel, Maryland 20724** )
)
**Cathy Ohler, Human Resources Specialist** )
**Representative** )
**8300 Riverton Court** )
**Laurel, Maryland 20724** )
)
**Pili Robinson, Senior Consultant to the** )
**Department of Youth Rehabilitation** )
**The Missouri Youth Service Institute** )
**1906 Hayselton, Drive** )
**Jefferson City, MO 65109** )
        **Defendants.** )
_____ )

## AFFIDAVIT OF LAVERN EVANS

     I, LaVern Evans, hereby swear and affirm the following:

     1.     That I am an adult over eighteen years of age, and am competent to

provide the information herein.

     2.     I am a defendant in the matter of *Janice Ruffin v. Department of Youth*

*Rehabilitation Services, et al.*, Civil Action No.: 06-2261.

     3.     I have not been personally served with a copy of the summons and

complaint by the plaintiff, and I did not authorize anyone to accept service of process on

my behalf in the above captioned matter.

                                      _LaVern Evans_
                                      LaVern Evans

SWORN AND SUBSCRIBED before a Notary Public, this _19th_ day of January, 2007.

_Julia Johnston_
Notary Public, D.C.          My Commission Expires: _____
                                         JULIA JOHNSON
                                    NOTARY PUBLIC DISTRICT OF COLUMBIA
                                    My Commission Expires March 31, 2010

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| Janice P. Ruffin<br>7710 Klovstad Drive<br>Ft. Washington, MD 20744<br><br>Plaintiff,<br><br>v.<br><br>Department of Youth<br>Rehabilitation Services<br>Youth Services Center<br>1000 Mt. Olivet Road, N.E.<br>Washington, D.C. 20002<br><br>Vincent Schiraldi, Director<br>10000 Mt. Olivet Road, N.E.<br>Washington, D.C. 20002<br><br>David Brown, Deputy Director,<br>8300 Riverton Court<br>Laurel, Maryland 20724<br><br>Mark Schindler, Chief of Staff<br>8300 Riverton Court<br>Laurel, Maryland 20724<br><br>LaVern Evans, Superintendent<br>8300 Riverton Court<br>Laurel, Maryland 20724<br><br>Dexter Dunbar, Deputy Superintendent<br>of Treatment<br>8300 Riverton Court<br>Laurel, Maryland 20724<br><br>D.J. Thomas, Deputy Superintendent<br>of Operations<br>8300 Riverton Court<br>Laurel, Maryland 20724 | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)     Civil Action No.: 06-2261 |

Fitzgerald Fant, Human Resources )
Manager                          )
/EEO Officer                     )
8300 Riverton Court              )
Laurel, Maryland  20724          )
                                 )
Cathy Ohler, Human Resources Specialist)
Representative                   )
8300 Riverton Court              )
Laurel, Maryland  20724          )
                                 )
Pili Robinson, Senior Consultant to the )
Department of Youth Rehabilitation )
The Missouri Youth Service Institute )
1906 Hayselton, Drive            )
Jefferson City, MO 65109         )
                  Defendants.    )
_____ )

## AFFIDAVIT OF DEXTER DUNBAR

I, Dexter Dunbar, hereby swear and affirm the following:

1.    That I am an adult over eighteen years of age, and am competent to provide the information herein.

2.    I am a defendant in the matter of *Janice Ruffin v. Department of Youth Rehabilitation Services, et al.*, Civil Action No.: 06-2261.

3.    I have not been personally served with a copy of the summons and complaint by the plaintiff, and I did not authorize anyone to accept service of process on my behalf in the above captioned matter.

_____
Dexter Dunbar

SWORN AND SUBSCRIBED before a Notary Public, this *18th* day of January, 2007.

_____   My Commission Expires: *Aug 18, 2008*
Notary Public, D.C.

2

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

---

Janice P. Ruffin               )
7710 Klovstad Drive       )
Ft. Washington, D.C. 20744   )
                       )
        Plaintiff,       )
                       )
        v.           )
                       )
Department of Youth      )
Rehabilitation Services    )
Youth Services Center     )
1000 Mt. Olivet Road, N.E.   )
Washington, D.C. 20002    )
                       )
Vincent Schiraldi, Director   )     Civil Action No.: 06-2261
10000 Mt. Olivet Road, N.E.  )
Washington, D.C. 20002    )
                       )
David Brown, Deputy Director, )
8300 Riverton Court       )
Laurel, Maryland  20724    )
                       )
Mark Schindler, Chief of Staff  )
8300 Riverton Court       )
Laurel, Maryland  20724    )
                       )
LaVern Evans, Superintendent  )
8300 Riverton Court       )
Laurel, Maryland  20724    )
                       )
Dexter Dunbar, Deputy Superintendent )
of Treatment           )
8300 Riverton Court       )
Laurel, Maryland  20724    )
                       )
D.J. Thomas, Deputy Superintendent )
of Operations          )
8300 Riverton Court       )
Laurel, Maryland  20724    )

**Fitzgerald Fant, Human Resources** )
**Manager** )
**/EEO Officer** )
**8300 Riverton Court** )
**Laurel, Maryland  20724** )
                                        )
**Cathy Ohler, Human Resources Specialist**)
**Representative** )
**8300 Riverton Court** )
**Laurel, Maryland  20724** )
                                        )
**Pili Robinson, Senior Consultant to the** )
**Department of Youth Rehabilitation** )
**The Missouri Youth Service Institute** )
**1906 Hayselton, Drive** )
**Jefferson City, MO 65109** )
                    **Defendants.** )
_____ )

## AFFIDAVIT OF D.J. THOMAS

I, D.J. Thomas, hereby swear and affirm the following:

1.      That I am an adult over eighteen years of age, and am competent to

provide the information herein.

2.      I am a defendant in the matter of *Janice Ruffin v. Department of Youth*

*Rehabilitation Services, et al.*, Civil Action No.: 06-2261.

3.      I have not been personally served with a copy of the summons and

complaint by the plaintiff, and I did not authorize anyone to accept service of process on

my behalf in the above captioned matter.

_____
D.J. Thomas

SWORN AND SUBSCRIBED before a Notary Public, this _18th_ day of January, 2007.

_____   My Commission Expires: _Aug 18, 2008_
Notary Public, D.C.

2

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Janice P. Ruffin<br>7710 Klovstad Drive<br>Ft. Washington, D.C. 20744 | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| Department of Youth<br>Rehabilitation Services<br>Youth Services Center<br>1000 Mt. Olivet Road, N.E.<br>Washington, D.C. 20002 | ) ) ) ) ) ) | |
| Vincent Schiraldi, Director<br>10000 Mt. Olivet Road, N.E.<br>Washington, D.C. 20002 | ) ) ) ) | Civil Action No.: 06-2261 |
| David Brown, Deputy Director,<br>8300 Riverton Court<br>Laurel, Maryland 20724 | ) ) ) ) | |
| Mark Schindler, Chief of Staff<br>8300 Riverton Court<br>Laurel, Maryland 20724 | ) ) ) ) | |
| LaVern Evans, Superintendent<br>8300 Riverton Court<br>Laurel, Maryland 20724 | ) ) ) ) | |
| Dexter Dunbar, Deputy Superintendent<br>of Treatment<br>8300 Riverton Court<br>Laurel, Maryland 20724 | ) ) ) ) ) | |
| D.J. Thomas, Deputy Superintendent<br>of Operations<br>8300 Riverton Court<br>Laurel, Maryland 20724 | ) ) ) ) ) | |

Fitzgerald Fant, Human Resources          )
Manager                                   )
/EEO Officer                              )
8300 Riverton Court                       )
Laurel, Maryland  20724                   )
                                          )
Cathy Ohler, Human Resources Specialist)
Representative                            )
8300 Riverton Court                       )
Laurel, Maryland  20724                   )
                                          )
Pili Robinson, Senior Consultant to the   )
Department of Youth Rehabilitation        )
The Missouri Youth Service Institute      )
1906 Hayselton, Drive                     )
Jefferson City, MO 65109                  )
            Defendants.                   )
_____          )

## AFFIDAVIT OF FITZGERALD FANT

I, Fitzgerald Fant, hereby swear and affirm the following:

1.    That I am an adult over eighteen years of age, and am competent to provide the information herein.

2.    I am a defendant in the matter of *Janice Ruffin v. Department of Youth Rehabilitation Services, et al.*, Civil Action No.: 06-2261.

3.    I have not been personally served with a copy of the summons and complaint by the plaintiff, and I did not authorize anyone to accept service of process on my behalf in the above captioned matter.

Fitzgerald Fant

SWORN AND SUBSCRIBED before a Notary Public, this 18th day of January, 2007.

Notary Public, D.C.          My Commission Expires: Aug 18 2008

2

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Janice P. Ruffin<br>7710 Klovstad Drive<br>Ft. Washington, D.C. 20744<br><br>    Plaintiff,<br><br>    v.<br><br>Department of Youth<br>Rehabilitation Services<br>Youth Services Center<br>1000 Mt. Olivet Road, N.E.<br>Washington, D.C. 20002<br><br>Vincent Schiraldi, Director<br>10000 Mt. Olivet Road, N.E.<br>Washington, D.C. 20002<br><br>David Brown, Deputy Director,<br>8300 Riverton Court<br>Laurel, Maryland  20724<br><br>Mark Schindler, Chief of Staff<br>8300 Riverton Court<br>Laurel, Maryland  20724<br><br>LaVern Evans, Superintendent<br>8300 Riverton Court<br>Laurel, Maryland  20724<br><br>Dexter Dunbar, Deputy Superintendent<br>of Treatment<br>8300 Riverton Court<br>Laurel, Maryland  20724<br><br>D.J. Thomas, Deputy Superintendent<br>of Operations<br>8300 Riverton Court<br>Laurel, Maryland  20724 | Civil Action No.: 06-2261 |

Fitzgerald Fant, Human Resources         )
Manager                                   )
/EEO Officer                              )
8300 Riverton Court                       )
Laurel, Maryland  20724                   )
                                          )
Cathy Ohler, Human Resources Specialist)
Representative                            )
8300 Riverton Court                       )
Laurel, Maryland  20724                   )
                                          )
Pili Robinson, Senior Consultant to the  )
Department of Youth Rehabilitation        )
The Missouri Youth Service Institute      )
1906 Hayselton, Drive                     )
Jefferson City, MO 65109                  )
                    Defendants.           )
_____  )

## AFFIDAVIT OF CATHERINE OHLER

I, Catherine Ohler, hereby swear and affirm the following:

1.    That I am an adult over eighteen years of age, and am competent to provide the information herein.

2.    I am a defendant in the matter of *Janice Ruffin v. Department of Youth Rehabilitation Services, et al.*, Civil Action No.: 06-2261.

3.    I have not been personally served with a copy of the summons and complaint by the plaintiff, and I did not authorize anyone to accept service of process on my behalf in the above captioned matter.

                              Catherine Ohler

SWORN AND SUBSCRIBED before a Notary Public, this _18th_ day of January, 2007.

Notary Public, D.C.          My Commission Expires: _Aug 18, 2008_

2